# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| BARBARA TULLY, KATHARINE BLACK, MARC BLACK, SHELLY BROWN, DAVID CARTER, REBECCA GAINES, JANICE JOHNSON, ELIZABETH KMIECIAK, CHAQUITTA MCCREARY, KATHERINE PAOLACCI, DAVID SLIVKA, DOMINIC TUMMINELLO, and INDIANA VOTE BY MAIL, INC., individually, and on behalf of those similarly situated, <br><br> Plaintiffs, <br><br> -vs- <br><br> PAUL OKESON, S. ANTHONY LONG, SUZANNAH WILSON OVERHOLT, and ZACHARY E. KLUTZ, in their official capacity as members of the Indiana Election Commission, and CONNIE LAWSON, in her official capacity as the Indiana Secretary of State, <br><br> Defendants. | Case No. 1:20-cv-01271-JPH-DLP |

## MOTION FOR PRELIMINARY INJUNCTION

Come Now Plaintiffs and the putative class, by counsel, and pursuant to Rule 65 of the Federal Rules of Civil Procedure, respectfully request that this Court preliminarily enjoin Defendants to (1) extend the privilege of voting by mail to the individual Plaintiffs, putative class members, and all Indiana voters in the November 3, 2020 general election; and (2) advise all county clerks in Indiana to permit no-excuse absentee voting by mail in the November 3, 2020 general election. In support of this Motion, Plaintiffs state as follows:

1. Plaintiffs have brought this action for declaratory and injunctive relief against Indiana election officials who have failed to take necessary actions to protect Indiana voters against having to make a choice between their personal safety and exercising their right to vote on November 3, 2020.

2. The individual Plaintiffs seek to vote safely in the November 2020 general election by casting an absentee ballot, by mail, in precisely the same manner in which they were allowed to vote in the June 2020 primary election. The Indiana law that allows certain voters to vote by mail, but denies the same privilege to Plaintiffs, arbitrarily discriminates between categories of qualified voters; denies Plaintiffs any reasonable alternative means of voting that does not endanger their own or others' health, safety, and lives; and violates the Equal Protection clause of the Fourteenth Amendment to the United States Constitution, the Twenty-Sixth Amendment to the United States Constitution, and the Equal Privileges and Immunities Clause of the Indiana Constitution.

3. Plaintiffs are likely to prevail on the merits of their claim that the challenged statute violates the United States Constitution.

4. Absent a preliminary injunction, the plaintiffs will suffer irreparable harm for which there is no adequate remedy at law.

5. The balance of harms and the public interest weigh in favor of the issuance of a preliminary injunction.

6. The injunction should be issued without bond.

7. The plaintiffs attach to this Motion the following exhibits, which are incorporated herein by reference:

- Exh. 1: Declaration of Barbara Tully (Filing No. 13-1)
- Exh. 2: Declaration of David Carter (Filing No. 13-2)
- Exh. 3: Declaration of Elizabeth Kmieciak (Filing No. 13-3)
- Exh. 4: Declaration of Janice Johnson (Filing No. 13-4)
- Exh. 5: Declaration of Marc Black (Filing No. 13-5)
- Exh. 6: Declaration of Katharine Black (Filing No. 13-6)
- Exh. 7: Declaration of Shelly Brown (Filing No. 13-7)

    - Exh. 8:    Declaration of Chaquitta McCreary[1] (Filing No. 13-8)

    - Exh. 9:    Declaration of Dominic Tumminello (Filing No. 13-9)

    - Exh. 10:    Declaration of Rebecca Gaines (Filing No. 13-10)

    - Exh. 11:    Declaration of Katherine Paolacci (Filing No. 13-11)

    - Exh. 12:    Declaration of David Slivka (Filing No. 13-12)

    - Exh. 13:    Declaration of Jeffrey G. Jones, M.D., M.P.H. (Filing No. 13-13)

    - Exh. 14:    Declaration of Gregory Shufeldt, Ph.D. (Filing No. 13-14)

8. Plaintiffs anticipate filing their Motion for Class Certification. In the event that a class is certified, the preliminary injunction should extend to the members of the class as well.

9. Contemporaneously with this Motion, Plaintiffs file their memorandum of law, which is also incorporated herein by reference.

WHEREFORE, Plaintiffs respectfully request that this Court enter the aforementioned preliminary injunction, without bond, and grant all other proper relief.

    Respectfully submitted,

    *s/ William R. Groth*
    William R. Groth
    MACEY SWANSON LLP
    445 N. Pennsylvania St., Suite 401
    Indianapolis, IN  46204
    Tel: (317) 637-2345, Ext. 132
    E-mail: WGroth@fdgtlaborlaw.com

    *s/ Mark W. Sniderman*
    Mark W. Sniderman
    FINDLING PARK CONYERS

---

[1] Plaintiffs move to correct the spelling of Ms. McCreary's surname in the caption, where it was incorrectly spelled "McCleary."

  WOODY & SNIDERMAN, P.C.
151 N. Delaware Street, Ste. 1520
Indianapolis, IN  46204
Tel: (317) 231-1100
E-mail: msniderman@findlingpark.com