# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| BARBARA TULLY, KATHARINE BLACK, MARC BLACK, SHELLY BROWN, DAVID CARTER, REBECCA GAINES, JANICE JOHNSON, ELIZABETH KMIECIAK, CHAQUITTA MCCREARY, KATHERINE PAOLACCI, DAVID SLIVKA, DOMINIC TUMMINELLO, and INDIANA VOTE BY MAIL, INC., individually, and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>-vs-<br><br>PAUL OKESON, S. ANTHONY LONG, SUZANNAH WILSON OVERHOLT, and ZACHARY E. KLUTZ, in their official capacity as members of the Indiana Election Commission, and CONNIE LAWSON, in her official capacity as the Indiana Secretary of State,<br><br>Defendants. | Case No. 1:20-cv-01271-JPH-DLP |

## **MOTION FOR CLASS CERTIFICATION**

Come Now Plaintiffs and the putative class, by counsel, and pursuant to Rule 23 of the Federal Rules of Civil Procedure, respectfully move the Court certify this case as a class action, appoint the named individual Plaintiffs as class representatives, and appoint undersigned counsel as class counsel. In support thereof, Plaintiffs state as follows:

1. Plaintiffs have brought this action for declaratory and injunctive relief against Indiana election officials who have failed to take necessary actions to protect Indiana voters against having to make a choice between their personal safety and exercising their right to vote on November 3, 2020.

2. The individual Plaintiffs seek to vote safely in the November 2020 general election by casting an absentee ballot, by mail, in precisely the same manner in which they were allowed to vote

in the June 2020 primary election. The Indiana law that allows certain voters to vote by mail, but denies the same privilege to Plaintiffs, arbitrarily discriminates between categories of qualified voters; denies Plaintiffs any reasonable alternative means of voting that does not endanger their own or others' health, safety, and lives; and violates the Fourteenth Amendment to the United States Constitution, the Twenty-Sixth Amendment to the United States Constitution, and the Equal Privileges and Immunities Clause of the Indiana Constitution.

3. The named Plaintiffs bring this action on their own behalf and on behalf of a class of persons similarly situated pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure.

4. The proposed class is defined as follows:

> All people who are or may subsequently become qualified to vote in the November 3, 2020, general election in Indiana, and who are not entitled to vote by mail because they do not satisfy any of the criteria of Ind. Code § 3-11-10-24(a)(1) - (13).

5. As defined, the Class is so numerous that the joinder of all members is impracticable.

6. There are questions of law and fact common to the class, specifically:

   a. whether a voter is entitled to vote in the 2020 general election;

   b. whether a voter is entitled to vote absentee by mail in the 2020 general election;

   c. whether voters are in danger of contracting or spreading the Coronavirus by the act of in-person voting;

   d. whether Coronavirus will still be spreading in the fall of 2020; and

   e. whether Indiana law and Defendants' actions or omissions violate the Fourteenth Amendment, the Twenty-Sixth Amendment, or the Indiana Constitution.

7. The claims of the individual Plaintiffs are typical of those of the class.

8. The individual Plaintiffs will fairly and adequately represent the class.

9. Undersigned counsel are skilled and experienced, know the applicable law, and will vigorously represent the interests of the class, and should therefore be appointed as class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

10. The additional requirements of Rule 23(b)(2) are met because the parties opposing class certification have at all times acted and refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the class as a whole.

11. Members of the proposed class are ascertainable by reference to wholly objective criteria.

12. Plaintiffs attach to this Motion the following exhibits, which are incorporated herein by reference:

- Exh. 1:    Declaration of William R. Groth (Filing No. 17-1)

- Exh. 2:    Declaration of Mark W. Sniderman (Filing No. 17-2)

13. The grounds for this Motion are more fully set forth in the accompanying memorandum of law, which is also incorporated herein by reference.

WHEREFORE, Plaintiffs pray that this cause be certified as a class action with the Class as defined above; that the named Plaintiffs be appointed as class representatives; that undersigned counsel be appointed as class counsel; and for all other proper relief.

Respectfully submitted,

*s/ William R. Groth*
William R. Groth
MACEY SWANSON LLP
445 N. Pennsylvania St., Suite 401
Indianapolis, IN  46204
Tel: (317) 637-2345, Ext. 132
E-mail: WGroth@fdgtlaborlaw.com

*s/ Mark W. Sniderman*
Mark W. Sniderman
FINDLING PARK CONYERS
 WOODY & SNIDERMAN, P.C.
151 N. Delaware Street, Ste. 1520
Indianapolis, IN  46204
Tel: (317) 231-1100
E-mail: msniderman@findlingpark.com

*Attorneys for Plaintiffs*
