UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BARBARA TULLY, KATHARINE BLACK, MARC BLACK, SHELLY BROWN, DAVID CARTER, REBECCA GAINES, JANICE JOHNSON, ELIZABETH KMIECIAK, CHAQUITTA MCCREARY, KATHERINE PAOLACCI, DAVID SLIVKA, DOMINIC TUMMINELLO, and INDIANA VOTE BY MAIL, INC., individually, and on behalf of those similarly situated,<br><br>    Plaintiffs,<br><br>  -vs-<br><br>PAUL OKESON, S. ANTHONY LONG, SUZANNAH WILSON OVERHOLT, and ZACHARY E. KLUTZ, in their official capacity as members of the Indiana Election Commission, and CONNIE LAWSON, in her official capacity as the Indiana Secretary of State,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:20-cv-01271-JPH-DLP<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CASE MANAGEMENT PLAN**

**I.**   **Parties and Representatives**

  A.   Plaintiffs:   Barbara Tully, Katharine Black, Marc Black, Shelly Brown, David Carter, Rebecca Gaines, Janice Johnson, Elizabeth Kmieciak, Chaquitta McCreary, Katherine Paolacci, David Slivka, Dominic Tumminello, and Indiana Vote By Mail, Inc., individually, and on behalf of those similarly situated.

    Defendants:   Paul Okeson, S. Anthony Long, Suzannah Wilson Overholt, and Zachary E. Klutz, in their official capacity as members of the Indiana Election Commission, and Connie Lawson, in her official capacity as the Indiana Secretary of State.

    B.    <u>Counsel for Plaintiffs</u>:

        William R. Groth
        MACEY SWANSON LLP
        445 N. Pennsylvania St., Suite 401
        Indianapolis, IN  46204
        Tel: (317) 637-2345, Ext. 132
        E-mail: WGroth@fdgtlaborlaw.com

        Mark W. Sniderman
        FINDLING PARK CONYERS
         WOODY & SNIDERMAN, P.C.
        151 N. Delaware Street, Ste. 1520
        Indianapolis, IN  46204
        Tel: (317) 231-1100
        Fax: (317) 231-1106
        E-mail: msniderman@findlingpark.com

        <u>Counsel for Defendants</u>:

        Jefferson S. Garn
        Courtney L. Abshire
        Parvinder K. Nijjar
        Office of the Attorney General
        Indiana Government Center South
        302 W. Washington St., 5th Floor
        Indianapolis, IN  46204-2770
        Phone: (317) 234-7119
        Phone: (317) 234-7019
        Phone: (317) 232-6201
        Fax: (317) 232-7979
        jefferson.garn@atg.in.gov
        courtney.abshire@atg.in.gov
        parvinder.nijjar@atg.in.gov

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

**II.**    **Jurisdiction and Statement of Claims**

    A.    This Court has original subject matter jurisdiction of the federal questions presented pursuant to 28 U.S.C. §§ 1331 and 1343.

    B.    **Plaintiff's Statement of the Case:**

Plaintiffs are Indiana voters and a voting rights group, who seek his is an action for declaratory and injunctive relief against Indiana election officials who have failed to take necessary actions to protect Indiana voters against having to make a choice between their personal safety and exercising their right to vote on Election Day, November 3, 2020. The novel coronavirus has deeply affected the world and the country, and makes public gatherings dangerous, especially indoor gatherings. Until an effective vaccine is discovered and distributed, life in the public square will need to be conducted cautiously. Public health experts anticipate such a vaccine will not be distributed before the November 2020 election, thus all Hoosier voters should have the right to cast their vote safely, by mail.

  C. **Defendants' Statement of the Case:**

Defendants contend that there is no constitutional right to vote by absentee ballot. Defendants have acted in accordance with the law and are not violating the United States Constitution or the Indiana Constitution. Plaintiffs lack standing to bring the asserted claims and fail to state a claim upon which relief can be granted.

**III.** **Pretrial Pleadings and Disclosures**

  A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **August 29, 2020.**

  B. Plaintiff shall file preliminary witness and exhibit lists on or before **September 5, 2020.**

  C. Defendants shall file preliminary witness and exhibit lists on or before **September 12, 2020.**

  D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **September 29, 2020**.

  E. Plaintiff shall serve Defendants (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **September 29, 2020.** Defendants shall serve on the Plaintiff (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

  F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **April 29, 2021.** Defendants shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before the day 30 days after Plaintiff serves her expert witness disclosure; or if Plaintiff has disclosed no experts, Defendants shall make their expert disclosure on or before **May 29, 2021.**

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **June 3, 2021**.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **June 29, 2021**. This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

    1. K. <u>Discovery of electronically stored information ("ESI")</u>.  Format of ESI:  The parties do not believe that there will be a substantial amount of ESI in this case. The parties further agree that, unless specifically requested, disclosure of embedded data or metadata associated with documents produced in discovery will not be necessary as a preliminary matter, but reserve the right to seek embedded data or metadata after initial production, and agree that embedded data or metadata will be preserved for future production. The default format for production of documents and electronic communications will be "PDF", with the exception of Excel spreadsheets, which will be produced in native format.

    2. Other issues that may be relevant to discovery: None at this time.

4

       3.       Claw back provision: In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection, including but not limited to both common law and constitutional privileges, is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

**IV.**    <u>**Discovery[1] and Dispositive Motions**</u>

    Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

5

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion.

Plaintiffs: Yes. Plaintiffs believe that based upon Defendants' practices, omissions, and Indiana law, they will be able to demonstrate Defendants violate the rights held by Plaintiffs under the United States Constitution and/or the Indiana Constitution. Plaintiffs do not have to choose between their health and lives, and their constitutional right and civic duty to vote. Defendants' discrimination on the basis of age and other criteria is both facially unconstitutional and unconstitutional as applied in this pandemic, and Plaintiffs thus anticipate filing for summary judgment.

Defendants: Defendants agree that this case is appropriate for summary judgment. Indiana is not constitutionally required to provide absentee voting by mail for every resident. Plaintiffs lack standing to bring their claims and the Complaint fails to state a claim for which relief may be granted.

B. On or before **March 7, 2021**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Select the track that best suits this case:

X  Track 2: Dispositive motions are expected and shall be filed by **April 29, 2021**; non-expert witness discovery and discovery relating to liability issues shall be completed by **February 28, 2021**; expert witness discovery and discovery relating to damages shall be completed by **July 29, 2021**. All remaining discovery shall be completed by no later than **August 29, 2021.**

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

V. **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in July 2020.**

VI. **Trial Date**

The parties request a trial date in **October 2021**. The trial is by jury and is anticipated to take three days. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

**VII.**   **Referral to Magistrate Judge**

   A.   **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

   B.   **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

**VIII.**   **Required Pre-Trial Preparation**

   A.   **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

   1.   File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

   2.   Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

   3.   Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

   4.   A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a.   brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of

7

       the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

    b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

  5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

  6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

  1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

  2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

  3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

  4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

### IX. Other Matters

Plaintiffs filed a motion for preliminary injunction on June 8, 2020. [Filing No. 13.] The Court has set a conference for June 18, 2020 to discuss the briefing schedule on this motion. [Filing No. 15.]

Plaintiffs filed a motion for class certification on June 16, 2020.

Respectfully submitted,

*s/ William R. Groth*
William R. Groth
MACEY SWANSON LLP
445 N. Pennsylvania St., Suite 401
Indianapolis, IN 46204
Tel: (317) 637-2345, Ext. 132
E-mail: WGroth@fdgtlaborlaw.com

*s/ Mark W. Sniderman*
Mark W. Sniderman
FINDLING, PARK, CONYERS,
 WOODY & SNIDERMAN, P.C.
151 N. Delaware Street, Ste. 1520
Indianapolis, IN 46204
Phone: (317) 231-1100
Fax: (317) 231-1106
E-mail: msniderman@findlingpark.com

*s/ Jefferson S. Garn* (by Mark W. Sniderman, with permission)
Jefferson S. Garn
Courtney L. Abshire
Parvinder K. Nijjar
Office of the Attorney General
Indiana Government Center South
302 W. Washington St., 5th Floor
Indianapolis, IN 46204-2770
Phone: (317) 234-7119
Phone: (317) 234-7019
Phone: (317) 232-6201
Fax: (317) 232-7979
jefferson.garn@atg.in.gov
courtney.abshire@atg.in.gov
parvinder.nijjar@atg.in.gov

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
|  | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|  | APPROVED AS SUBMITTED. |
|  | APPROVED AS AMENDED. |
|  | APPROVED AS AMENDED PER SEPARATE ORDER. |
|  | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|  | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|  | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT \_\_\_\_.M., ROOM _____. |

| | |
|---|---|
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE  COURT JUDGE AT (\_\_\_\_) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (\_\_\_\_) _____; |
| | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

_____         _____

Date                                                                       U. S. District Court

　　　　　　　　　　　　　　　　　　　　　　　　Southern District of Indiana