UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BARBARA TULLY, KATHERINE BLACK, MARK BLACK, SHELLY BROWN, DAVID CARTER, REBECCA GAINES, JANICE JOHNSON, ELIZABETH KMIECIAK, CHAQUITTA MCCLEARY, KATHERINE PAOLACCI, DAVID SLIVKA, DOMINIC TUMMINELLO, and INDIANA VOTE BY MAIL, INC., individually, and on Behalf of those similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>PAUL OKESON, S. ANTHONY LONG, SUZANNAH WILSON OVERHOLT, and ZACHARY E. KLUTZ, in their official capacity as members of the Indiana Election Commission, and CONNIE LAWSON, in her official capacity as the Indiana Secretary of State,<br><br>    Defendants. | Case No. 1:20-cv-01271-JPH-DLP |

## DEFENDANTS' ANSWER

Defendants; Paul Okeson, S. Anthony Long, Suzannah Wilson Overholt, and Zachary E. Klutz, in their official capacity as members of the Indiana Election Commission; and Connie Lawson, in her official capacity as Indiana Secretary of State; by counsel, answer Plaintiff's Amended Class Action Complaint for Declaratory and Injunctive Relief as follows:

## INTRODUCTION

1. This paragraph is introductory and contains a summary of the action and, accordingly, does not require a response. Defendants deny that they have failed to take any necessary actions.

2. This paragraph contains no allegations directed toward Defendants and does not require a response.

3. This paragraph contains no allegations directed toward Defendants and does not require a response.

4. This paragraph contains no allegations directed toward Defendants and does not require a response.

5. This paragraph contains no allegations directed toward Defendants and does not require a response.

6. This paragraph contains no allegations directed toward Defendants and does not require a response.

7. Defendants lack sufficient information to admit or deny the first sentence of paragraph 7. Defendants deny the remaining allegations in paragraph 7.

## JURISDICTION, VENUE & CAUSE OF ACTION

8. Defendants admit that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1343, 2201, and 2202.

9. Defendants admit venue in this Court is proper under 28 U.S.C. § 1391.

10. Plaintiffs' complaint speaks for itself. Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202 speak for themselves.

## PARTIES

11. Defendants lack sufficient information to admit or deny the allegations in paragraph 11.

12. Defendants lack sufficient information to admit or deny the allegations in paragraph 12.

13. Defendants lack sufficient information to admit or deny the allegations in paragraph 13.

14. Defendants lack sufficient information to admit or deny the allegations in paragraph 14.

15. Defendants lack sufficient information to admit or deny the allegations in paragraph 15.

16. Defendants lack sufficient information to admit or deny the allegations in paragraph 16.

17. Defendants lack sufficient information to admit or deny the allegations in paragraph 17.

18. Defendants lack sufficient information to admit or deny the allegations in paragraph 18.

19. Defendants lack sufficient information to admit or deny the allegations in paragraph 19.

20. Defendants lack sufficient information to admit or deny the allegations in paragraph 20.

21. Defendants lack sufficient information to admit or deny the allegations in paragraph 21.

22. Defendants lack sufficient information to admit or deny the allegations in paragraph 22.

23. Defendants lack sufficient information to admit or deny the allegations in paragraph.

24. Defendants lack sufficient information to admit or deny the allegations in paragraph 24.

25. Defendants lack sufficient information to admit or deny the allegations in paragraph 25.

26. Plaintiffs' complaint speaks for itself. Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 26.

27. Plaintiffs' complaint speaks for itself. Indiana Code § 3-6-4.1-14(a)(1) speaks for itself. Admit that Defendants Paul Okeson, S. Anthony Long, Suzannah Wilson Overholt, and Zachary E. Klutz are members of the Indiana Election Commission. Defendants deny the remaining allegations in paragraph 27.

28. Indiana Code § 3-6-3.7-1 speaks for itself. Admit that Defendant Connie Lawson is the Indiana Secretary of State and serves as the chief election official. Defendants deny the remaining allegations in paragraph 28.

## FACTS

29. This paragraph contains no allegations directed toward Defendants; consequently, no response is required.

30. This paragraph contains no allegations directed toward Defendants; consequently, no response is required.

31. This paragraph contains no allegations directed toward Defendants; consequently, no response is required.

32. This paragraph contains no allegations directed toward Defendants; consequently, no response is required.

33. This paragraph contains no allegations directed toward Defendants; consequently, no response is required.

34. Executive Orders 2020-02 and 2020-04 speak for themselves.

35. Executive Orders 2020-07, 2020-08, and 2020-17 speak for themselves.

36. This paragraph contains no allegations directed toward Defendants; consequently, no response is required.

37. This paragraph contains no allegations directed toward Defendants; consequently, no response is required.

38. This paragraph contains no allegations directed toward Defendants; consequently, no response is required.

39. This paragraph contains no allegations directed toward Defendants; consequently, no response is required.

40. This paragraph is speculation about the situation almost five months from now; Defendants consequently lack sufficient information to admit or deny the allegations.

41. IEC Orders 2020-37 and 2020-40 speak for themselves.

42. This paragraph contains a statement of law that requires no response.

43. This paragraph contains a statement of law that requires no response.

44. IEC Order 2020-37 speaks for itself.

45. Defendants admit the IEC has not issued an order applying the definitions contained in IEC Order 2020-37 to voters voting in the November 3, 2020 general election. Secretary Lawson's letter speaks for itself.

46. The allegations in this paragraph are largely built on speculation; Defendants consequently lack sufficient information to admit or deny the allegations.

47. This paragraph contains no allegations directed toward Defendants and does not require a response. To the extent this paragraph alleges anything against Defendants, Defendants lack sufficient information to admit or deny the allegations in paragraph 47.

48. This paragraph contains no allegations directed toward Defendants; consequently, no response is required. To the extent this paragraph alleges anything against Defendants, Defendants lack sufficient information to admit or deny the allegations in paragraph 48.

49. This paragraph contains no allegations directed toward Defendants; consequently, no response is required. To the extent this paragraph alleges anything against Defendants, Defendants lack sufficient information to admit or deny the allegations in paragraph 49.

50. This paragraph contains no allegations directed toward Defendants; consequently, no response is required. To the extent this paragraph alleges anything

against Defendants, Defendants lack sufficient information to admit or deny the allegations in paragraph 48.

51.     The United States Supreme Court decision speaks for itself.

52.     Defendants admit is it important to prepare for the election, but deny any suggestion that either election officials are not preparing for the election or that Plaintiffs are entitled to the specific relief they seek from this Court.

53.     This paragraph contains a legal argument and no allegations against Defendants, thus it does not require a response.

54.     Defendant Lawson's and Governor Holcomb's statements speak for themselves.

55.      This paragraph contains legal arguments and no allegations against Defendants, thus it does not require a response.

56.     Ind. Code § 3-6-4.1-17(b) speaks for itself. Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 56 because the allegations are vague as to what "currently being contemplated" means.

57.     Indiana Code § 3-11-4-3 speaks for itself.

58.     Defendants lack sufficient information to admit or deny the allegations in paragraph 58 because the allegations are either speculative or vague.

59.     Defendants lack sufficient information to admit or deny the allegations in paragraph 59 because the allegations are either speculative or vague.

**Class action allegations**

60.     Deny.

61. Deny.

62. Deny.

63. Deny.

64. Defendants lack sufficient information to admit or deny the allegations in paragraph 64.

## LEGAL CLAIMS

### Count I

65. Defendants incorporate by reference their responses to paragraphs 1–64.

66. This paragraph contains statements of law and no allegations against Defendants, thus it does not require a response.

67. This paragraph contains statements of law and no allegations against Defendants, thus it does not require a response.

68. Admit that voting by mail under certain circumstances has been permitted in Indiana, but deny any suggestion that Plaintiffs are entitled to the specific relief they seek from this Court.

69. The cited report speaks for itself.

70. Ind. Code § 3-11-10-24(a) speaks for itself.

71. Deny.

72. Deny.

73. Deny.

74. Deny.

75. Deny.

76. Defendants lack sufficient information to admit or deny the specific allegations in paragraph 76.

77. *Burdick v. Takushi*, 504 U.S. 428, 439 (1992), and *Crawford v. Marion County Election Board*, 553 U.S. 181, 203 (2008) speak for themselves.

78. Defendants lack sufficient information to admit or deny the allegations in paragraph 78.

79. Deny.

80. Deny.

81. Deny.

82. Deny.

### Count II

83. Defendants incorporate by reference their responses to paragraphs 1-82.

84. Ind. Code § 3-11-10-24(a)(5) speaks for itself.

85. Ind. Code § 3-5-2-16.5 speaks for itself.

86. Assuming Plaintiffs intended to cite Indiana Code § 3-11-10-24 and not Ind. Code § 3-5-2-16.5, Ind. Code § 3-11-10-24 and its subparts speak for itself.

87. Defendants lack sufficient information to admit or deny the allegations in paragraph 87.

88. Admit.

89. The 26th Amendment to the United States Constitution speaks for itself.

90. The 26th Amendment to the United States Constitution and *Colo. Project-Common Cause v. Anderson*, 495 P.2d 220, 223 (Colo. 1972) speak for themselves.

91. *League of Women Voters v. Detzner*, 314 F.Supp.3d 1205, 1222–23 (N.D. Fla. 2018) speaks for itself.

92. Deny.

93. Deny.

94. Deny.

### Count III

95. Defendants incorporate by reference their responses to paragraphs 1-94.

96. The Indiana Constitution speaks for itself.

97. Defendants lack sufficient information to admit or deny the allegations in paragraph 97.

98. Deny.

### GENERAL DENIAL AND RESERVATION OF RIGHTS

1. Any allegation not specifically admitted or denied by Defendants is hereby denied.

2. Defendants deny any violation of Plaintiffs' rights.

3. Defendants reserve any and all rights they may have to amend their Answer as the case progresses.

### STATEMENT OF AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' allegations are broad and do not establish causality between the claims made and the Indiana laws complained of.

3. Plaintiffs have not been injured or their injuries are speculative.

4. Plaintiffs lack standing to bring one or more claims asserted.

5. All challenged statutes are constitutional.

6. Plaintiffs cannot establish any discriminatory conduct occurred or will occur as a result of the challenged statutes.

7. Actions performed in accordance with the challenged statutes do not violate the United States Constitution or Indiana Constitution.

8. The challenged statutes do not deny or abridge any voting right.

9. Some or all of Plaintiffs claims are barred by Eleventh Amendment sovereign immunity.

10. Defendants reserve the right to assert any and all additional affirmative and other defenses that may become applicable based on information learned during discovery or for other appropriate reasons.

                                        Respectfully submitted,

                                        OFFICE OF THE INDIANA ATTORNEY GENERAL

Date: June 18, 2020              By: Jefferson S. Garn
                                               Attorney No. 29921-49
                                               Section Chief, Administrative & Regulatory Enforcement Litigation

OFFICE OF THE INDIANA ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, Indiana 46204-2770
Phone: (317) 234-7119
Email: Jefferson.Garn@atg.in.gov