UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BARBARA TULLY, | ) |
| KATHARINE BLACK, | ) |
| MARC BLACK, | ) |
| SHELLY BROWN, | ) |
| DAVID CARTER, | ) |
| REBECCA GAINES, | ) |
| JANICE JOHNSON, | ) |
| ELIZABETH KMIECIAK, | ) |
| CHAQUITTA MCCLEARY, | ) |
| KATHERINE PAOLACCI, | ) |
| DAVID SLIVKA, | ) |
| DOMINIC TUMMINELLO, | ) |
| INDIANA VOTE BY MAIL, INC., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   No. 1:20-cv-01271-JPH-DLP |
| | ) |
| PAUL OKESON, | ) |
| S. ANTHONY LONG, | ) |
| SUZANNAH WILSON OVERHOLT, | ) |
| ZACHARY E. KLUTZ, | ) |
| CONNIE LAWSON, | ) |
| | ) |
| Defendants. | ) |

**ORDER REGARDING PROTECTIVE ORDERS**

In the event an agreed protective order is required in this matter, the parties shall file a motion seeking the entry of such an order, attaching thereto the proposed protective order. The parties shall either use the Court's Uniform Protective Order http://www.insd.uscourts.gov/court-info/local-rules-and-orders or explain in the motion why a different form of order is being proposed. If

the parties use the Court's Uniform Protective Order, the motion seeking entry of the order shall articulate any changes that were made to the Court's standard form. The parties shall also either replace Section VIII of the Uniform Protective Order with the following language or include the following language in any alternative form of protective order that may be submitted or explain in detail in the motion any deviation from this instruction:

### VIII. REQUESTS TO SEAL

A. Filing Documents Under Seal: The parties shall comply with Local Rule 5-11 when filing material designated as protected information pursuant to this order. Over-redaction of documents sought to be maintained under seal may result in the denial of a motion to seal.

B. Challenging "Confidential" or "Attorneys' Eyes Only" Designations: Prior to the filing of any motion seeking to challenge the designation of information as "Confidential" or "Attorneys' Eyes Only" as set forth in Section IV above, the parties will request a telephonic conference with the Magistrate Judge to discuss the issue, following which the contesting party may move for an order removing or altering the "Confidential" or "Attorneys' Eyes Only" designation with regard to such document(s).

Additionally, if any proposed protective order purports to allow documents to be designated as "Attorneys' Eyes Only," such proposed order must include a precise definition of the documents that may be designated as

"Attorneys' Eyes Only" pursuant to the order.

A motion for the entry of an agreed protective order should be filed as soon as practicable, but in any event no later than 14 days prior to the **original** due date for any discovery response with regard to which the responding party proposes to rely upon the protective order when responding.

SO ORDERED.

Date: 06/29/2020

Hon. Doris L. Pryor
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email