**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| BARBARA TULLY, KATHERINE BLACK, ) <br> MARK BLACK, SHELLY BROWN, ) <br> DAVID CARTER, REBECCA GAINES, ) <br> JANICE JOHNSON, ELIZABETH ) <br> KMIECIAK, CHAQUITTA MCCLEARY, ) <br> KATHERINE PAOLACCI, DAVID ) <br> SLIVKA, DOMINIC TUMMINELLO, ) <br> and INDIANA  VOTE BY MAIL, INC., ) <br> individually, and on behalf of those ) <br> similarly situated, ) <br>  ) <br>  Plaintiffs, ) <br>  ) <br>  v. ) <br>  ) <br> PAUL OKESON, S. ANTHONY LONG, ) <br> SUZANNAH WILSON OVERHOLT, and ) <br> ZACHARY E. KLUTZ, in their official ) <br> Capacity as members of the Indiana ) <br> Election Commission, ) <br> and CONNIE LAWSON, in her official ) <br> capacity as the Indiana Secretary of State, ) <br>  ) <br>  Defendants. ) | Case No. 1:20-cv-01271-JPH-DLP |

## RESPONSE IN OPPOSITION TO MOTION FOR CLASS CERTIFICATION

Defendants, by counsel, respectfully submit this response in opposition to

Plaintiffs' Motion for Class Certification [Dkt. 17.] This Court should deny

Plaintiffs' Motion for Class Certification because the proposed class does not satisfy

the requirements of Federal Rule of Civil Procedure 23(a).

## INTRODUCTION

Plaintiffs argue that they do not meet the definition of those entitled to vote

by absentee ballot under Indiana Code §3-11-10-24(a), and that their rights under

1

the Fourteenth amendment, Twenty-Sixth amendment, and the Indiana Constitution will be violated. Plaintiffs' proposed class is defined as: "All people who are or may subsequently become qualified to vote in the November 3, 2020, general election in Indiana, and who are not entitled to vote by mail because they do not satisfy any of the criteria of Ind. Code § 3-11-10-24(a)(1)–(13)." Plaintiffs' prospective class is expansive as it includes any eligible voter qualified to vote by November 3, 2020, but does not satisfy the criteria laid out in Indiana Code §3-11-10-24(a).

## LEGAL STANDARD

To certify a class, the four requirements of FRCP 23(a) must be satisfied: numerosity, commonality, typicality, and adequacy of representation. Additionally, the party seeking class certification must also satisfy one of the provisions of FRCP 23(b). Fed. R. Civ. P. 23; *Williams v. Chartwell Fin. Servs., Ltd.*, 204 F.3d 748, 760 (7th Cir. 2000). Plaintiffs assert that they meet the requirement of FRCP 23(b)(2). [Dkt. 18 at 7.] Under FRCP 23(b)(2), Plaintiffs must show that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Finally, the putative class must be identifiable "clearly and based on objective criteria." *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 659 (7th Cir. 2015).

# ARGUMENT

## I.    Plaintiffs have not established numerosity

While federal courts do not require plaintiffs to provide an exact number of members in a proposed class, *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989), there must be more proof than "a conclusory allegation that a class is so numerous that joinder is impracticable," *Valentino v. Howelett*, 528 F.2d 975, 978 (7th Cir. 1976) (per curiam). And because Plaintiffs have offered nothing more than conclusory allegations to establish numerosity, class certification should be denied.

In *Valentino*, the plaintiff filed suit, individually and on behalf of a class, alleging that Illinois violated the Constitution by refusing to issue restricted driving permits to individuals whose licenses were revoked for driving without proof of financial responsibility while granting such restricted permits to persons whose licenses had been revoked for other violations. *Id.* at 976. The Seventh Circuit denied class certification because the plaintiff merely "presented a speculative estimate of the size of the alleged class." *Id.* at 979. It explained that the plaintiff's conjecture that thousands of individuals "may lose their licenses under the financial responsibility law," was both unsupported and irrelevant, because "the class at issue is much smaller than this"—to establish numerosity, the plaintiff would have to supply relevant "figures relating to the number of persons who [like the plaintiff] would be unable to post security at a later time, and who would qualify to apply for restricted driving permits on the ground of undue hardship." *Id.*

Here, the evidence Plaintiffs say establish numerosity is similarly unsupported and inapposite. Plaintiffs estimate that at least 387,868 Indiana voters

will be ineligible to vote by mail under Indiana Code § 3-11-10-24(a), but this figure is premised on unsubstantiated speculation regarding many voters' ability to comply with the various statutory criteria. This figure is also irrelevant because the class is not simply all Hoosiers who will be ineligible to vote absentee, but all *registered Indiana voters* who will be ineligible to vote absentee *and will nevertheless wish to vote by mail*. Like the plaintiff in *Valentino*, Plaintiffs have presented no evidence at all regarding how many other voters, during the 2020 General Election, will fall into this category. Because Plaintiffs have not sufficiently established how many people fall into their proposed class, they cannot satisfy the numerosity requirement.

## II.   The Plaintiffs have not established a commonality of law and facts among the class members

Nor can Plaintiff satisfy Rule 23(a)(2)'s commonality requirement. In addition to requiring common facts and questions of law to a proposed class, Rule 23(a)(2) requires proof that all class members "have suffered the same injury." *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011) (quoting *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 157 (1982)). In *Wal-Mart* the Court explained that plaintiffs cannot satisfy commonality merely because all class members "have suffered a violation of the same provision of law." *Id.* at 350. In that case, employees of the same company claimed a Title VII violation but failed to prove that the statutory violation occurred in the same manner for every class member. *Id.* The Court held that to establish commonality, the plaintiff must identify a common

contention that is "of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*.

Commonality is not satisfied here because Plaintiffs have not proven the proposed class members have suffered the same injury or even that any such injury will actually take place. Put another way, Plaintiffs' proposed class is overly inclusive. The proposed class is "All people who are or may subsequently become qualified to vote in the November 3, 2020, general election in Indiana, and who are not entitled to vote by mail because they do not satisfy any of the criteria of Ind. Code § 3-11-10-24(a)(1)-(13)." The burdens placed on the Plaintiffs will differ greatly based on the individual – for instance, the named Plaintiffs currently range vastly in their claims and affected interests. Plaintiffs who are immunocompromised would not suffer the same alleged injury as those unwilling to vote in person for fear of contracting COVID-19, nor would an individual who works in the healthcare industry, and would differ greatly from an individual who fears contracting the virus and exposing others. While Plaintiffs allege a violation of their constitutional rights, this is not enough.  The Supreme Court in *Wal-Mart* held that class members suffering from a violation of the same provision of law is not enough to prove commonality.

Because Plaintiffs cannot prove that the proposed class members all suffer from the same injury, a resolution in the current litigation cannot resolve each member's grievance in one stroke. More important, Plaintiffs assume injury without

providing evidence that any such individuals will be injured at all. Foregoing voting in person for fear of contracting the virus as compared to those who are unable to vote in person because they are immunocompromised does not constitute the same injury. Plaintiffs cannot adequately show a commonality of fact and law of potential registered voters who are ineligible or unwilling to vote by mail. Plaintiffs have failed to show the prospective class members would suffer any injury at all, let alone the same injury – the constitutional rights of registered voters in Indiana who choose to vote in person or not at all would not fit the proposed class, nor would they seek the relief that the Plaintiffs seek in this lawsuit. Plaintiffs have not satisfied the commonality requirement.

## III.   The proposed class members' claims are not typical of those of the proposed class.

Plaintiffs also cannot satisfy the typicality requirement, which requires that the representative parties' claims be "typical of the claims . . . of the [proposed] class." Fed. R. Civ. P. 23(a)(3). The Seventh Circuit has concluded that this provision requires the named plaintiffs to have the "same essential characteristics as the claims of the class." *De La Fuente v. Stokely–Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983); *accord Muro v. Target Corp.*, 580 F.3d 485, 492 (7th Cir. 2009). The "same essential characteristics" means that the named plaintiffs' claims arise "from the same event . . . or course of conduct that gives rise" to other members' claims, and that all claims are "based on the same legal theory." *Id.* (citation omitted).

In *Frank v. Walker*, the court found typicality because the claims of the named plaintiffs and other class members arose from the same two characteristics —eligible voter could not vote because of the lack of a qualifying photo ID, and Wisconsin law created a high hurdle to obtaining a qualifying photo ID. 196 F. Supp. 3d 893, 902 (E.D. Wis. 2016), *aff'd in part, rev'd in part sub nom.*, *Luft v. Evers*, No. 16-3003, 2020 WL 3496860 (7th Cir. June 29, 2020).

Unlike the named plaintiffs in *Frank*, however, Plaintiffs here have not proven that their claims and those of other members arise from the same event or course of conduct. Plaintiffs' proposed class improperly includes all Indiana voters who are not eligible to vote by mail in the proposed class. The specifically cited criteria for "voters with disabilities", Ind. Code § 3-11-10-24(a)(4), and for voters with "illness or injury," *id.* at (a)(3), are not and cannot be typical of all voters ineligible to vote by mail. Voters who are unwilling to vote in person due to personal concerns do not have the same claims as those who are unable to risk entering a poll due to medical reasons. Voter's preference to vote by mail due to personal concerns and preferences is not reflective of those who are unable to enter a polling place due to medical reasons – Plaintiffs proposed class presents varying circumstances, showing no evidence of typicality among the proposed class. Such members of the class would have conflicting and antagonistic claims with the class representatives and thus are not typical of the claims represented by the class representatives.

Even if the challenged statute were updated in light of the COVID-19 pandemic concerns, some voters will remain ineligible. Plaintiffs' alleged injury are specific to their situations and are not proven to be substantially similar to those of other members in the proposed class of Indiana voters. Defendants do not challenge that the claims of the proposed class are related to the same legal theory.

## IV.   The plaintiffs cannot fairly and adequately protect the interests of the proposed class

The fourth requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Plaintiffs cannot fairly and adequately protect the interests of the proposed class because the proposed class likely has divergent interests, as described above, contrary to Plaintiffs' assertion that all members of the proposed class share a goal of having the option to safely vote by mail and avoid voting in person.

Due process concerns "require that a court undertake a stringent and continuing examination of the adequacy of representation by the named class representatives at all stages of the litigation where absent members will be bound by the court's judgment." *Susman v. Lincoln American Corp.*, 561 F.2d 86, 90–91 (7th Cir. 1977). Adequacy of representation is analyzed in two parts: (1) "the adequacy of the named plaintiff's counsel" and (2) "the adequacy of representation provided in protecting the different, separate, and distinct interest" of the class members. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993). If "class members have antagonistic or conflicting claims," then the "class is

not fairly and adequately represented." *Id.*; *see also Sec. of Labor v. Fitzsimmons*, 805 F.2d 682, 688–89 (7th Cir. 1986) (holding that class certification was improper when some members of the class sought to increase the number of members eligible for pension benefits and others sought to narrow pension benefit rules); see also *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006) (district court did not err in denying class certification when the class representative sought to certify a class that included anyone who purchased a fountain Diet Coke, because the class representative's claim about Coca-Cola's failing to disclose the use of saccharin was not sufficiently typical to qualify her for class representation when the proposed class would include persons who knew that Diet Coke contained saccharin and chose to purchase and drink it anyway).

Because Plaintiffs' proposed class is over-inclusive for the reasons described above, the class representatives will not fairly or adequately protect the interests of all class members. The expansive nature of Plaintiffs' proposed class will capture Indiana residents not eligible to vote by mail who do not agree that voting by mail should be available, who have vastly different circumstances and interests, and who intend to visit their polling location to vote in person on November 3, 2020. Plaintiffs make the assertion that the class representatives share a goal with "all members of the proposed class" to "have the option to safely vote by mail and to avoid voting in person" by assuming that all Indiana residents who will be eligible to vote in the upcoming general election will have their concerns adequately addressed through the claims as those raised by the class representatives.

Because the class representatives will not adequately and fairly represent the interests of all class members, this Court should deny Plaintiff's motion for class certification.

## CONCLUSION

Accordingly, this Court should consider the scope of the relief sought in reference to the putative class.

Respectfully submitted,

OFFICE OF THE INDIANA ATTORNEY GENERAL

By:   Jefferson S. Garn
      Deputy Attorney General
      Attorney No. 29921-49

      Parvinder Nijjar
      Deputy Attorney General
      Attorney No. 33811-41

      Courtney Abshire
      Deputy Attorney General
      Attorney No. 35800-49

Office of the Indiana Attorney General
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Phone: (317) 234-7019
Fax: (317) 232-7979
Jefferson.Garn@atg.in.gov