UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BARBARA TULLY, KATHERINE BLACK, MARC BLACK, DAVID CARTER, REBECCA GAINES, ELIZABETH KMIECIAK, CHAQUITTA MCCLEARY, DAVID SLIVKA, DOMINIC TUMMINELLO, and INDIANA VOTE BY MAIL, INC., individually, and on behalf of those similarly situated, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No. 1:20-cv-01271-JPH-DLP |
| | ) | |
| PAUL OKESON, S. ANTHONY LONG, SUZANNAH WILSON OVERHOLT, and ZACHARY E. KLUTZ, in their official Capacity as members of the Indiana Election Commission, and CONNIE LAWSON, in her official capacity as the Indiana Secretary of State, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MOTION OF INDIANA DISABILITY RIGHTS, INDIANA STATEWIDE INDEPENDENT LIVING COUNCIL, AMERICAN DIABETES ASSOCIATION, DISABILITY RIGHTS EDUCATION AND DEFENSE FUND, INC., AND THE DISABILITY RIGHTS LEGAL CENTER FOR LEAVE TO FILE BRIEF AS AMICI CURIAE**

Indiana Disability Rights, Indiana Statewide Independent Living Council, American Diabetes Association, Disability Rights Education and Defense Fund, Inc., and the Disability Rights Legal Center (together, the Organizations), by and through undersigned counsel, respectfully request leave to file a brief as amici curiae in the above captioned case. The brief is relevant to Plaintiffs' Motion for Preliminary Injunction [Filing No. 13] but is not in support of or in opposition to any party. The proposed amici curiae brief is attached to this motion.

As described in detail on pages 2 through 5 of the attached brief, the five Organizations are Indiana and national organizations that are dedicated to protecting and advancing the rights of people with disabilities. The Organizations have extensive knowledge of the unique needs and experiences of people with disabilities, as well as expertise in the laws protecting their rights, including their voting rights. This case is about whether Indiana voters will have safe and adequate access to voting during a general election happening in the midst of a pandemic. Given the vulnerability of people with disabilities when it comes to COVID-19, ensuring this access is an issue of special concern to the Organizations. They submit the attached brief in an effort to ensure that people with disabilities, as well as the people who live with or care for them, will have meaningful and safe access to voting during that election.

Although the vote-by-mail statute at issue in this case purports to allow "voter[s] with disabilities" to vote by mail, the statute does not define that phrase. *See* Ind. Code § 3-11-10-24(a)(4). The Court may create confusion if it were to accept the parties' representations on the issue of who is a "voter with disabilities" and thus would be aided by consideration of the attached brief. Consistent with federal laws covering Indiana elections, the proposed brief asserts that the phrase "voter[s] with disabilities" includes any voter with a disability under the Americans with Disabilities Act (ADA), as amended in 2008. Some of the named Plaintiffs and members of the putative class in this case are "voter[s] with disabilities" under the ADA, even though they may not be considered to be so under the Indiana vote-by-mail statute at issue.

The proposed amici curiae brief explains that, under the ADA, individuals who are substantially

limited in interacting with others due to a physical or mental impairment have a covered "disability."

During COVID-19, this includes any Indiana voter who is advised to avoid contact with others due to

any pre-existing condition. Restricting access for these voters to Indiana's vote-by-mail program would

violate the ADA. Similarly, given the manner in which the coronavirus is spread, Hoosiers who live with

people with disabilities, as well as those who do not live them but who provide care for them, have the

same need to vote by mail as disabled voters. Those voters are similarly situated during the pandemic to

Hoosiers with disabilities because of the imperative to safeguard the health of the Hoosiers with

disabilities with whom they live or for whom they provide care.

There are no provisions governing amicus briefs in either the Federal Rules of Civil Procedure or

the Local Rules of this Court. Consequently, this Court "has broad discretion in deciding whether to

permit *amicus curiae* participation" in this case. *McCarthy v. Fuller*, No. 1:08-CV-994-WTL-DML, 2012

U.S. Dist. LEXIS 43701, at *3 (S.D. Ind. Mar. 29, 2012). The Court should exercise its discretion to

grant this motion because the Organizations have "unique information [and] perspective that can help the

court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures

Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, C.J., in chambers).

The proposed amici curiae brief provides information not yet provided in this case about federal

laws applicable to the voting rights of people with disabilities that are relevant to application of Indiana's

vote-by-mail statute during the pandemic. The brief also provides the unique perspective of people with

disabilities, describing their needs as voters and drawing on the Organizations' extensive experience with

protecting and promoting the rights of individuals with disabilities in Indiana and nationally.

Mindful of the pressing nature of the motion for a preliminary injunction and given that the

November general election is fast approaching, the Organizations do not seek to intervene as parties, nor

do they seek to participate in any oral argument on Plaintiffs' pending motion for a preliminary

injunction. The only participation they seek in this case is the Court's consideration of the attached brief.

Finally, it should be noted that no counsel for a party authored the attached amici curiae brief in

whole or in part. No such counsel or party made a monetary contribution to fund the preparation or

submission of this brief. No person other than the Organizations and their counsel made any such monetary contribution.

WHEREFORE, the Organizations respectfully move the Court for leave to file the attached amici curiae brief.

Respectfully submitted,

Date: August 11, 2020                  /s/ Bridget A. Clarke

BRIDGET A. CLARKE (Cal. Bar #161320)
456 Boynton Avenue
Berkeley, CA 94707
(510) 528-7755
baclarke@comcast.net

*Attorney for Proposed Amici Curiae*
*Indiana Disability Rights, Indiana Statewide Independent Living Council, American Diabetes Association, Disability Rights Education and Defense Fund, Inc., and the Disability Rights Legal Center*