# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| BARBARA TULLY, KATHARINE BLACK, MARC BLACK, DAVID CARTER, REBECCA GAINES, ELIZABETH KMIECIAK, CHAQUITTA MCCLEARY, DAVID SLIVKA, DOMINIC TUMMINELLO, and INDIANA VOTE BY MAIL, INC., individually, and on behalf of those similarly situated, <br><br> Plaintiffs, <br><br> -vs- <br><br> PAUL OKESON, S. ANTHONY LONG, SUZANNAH WILSON OVERHOLT, and ZACHARY E. KLUTZ, in their official capacity as members of the Indiana Election Commission, and CONNIE LAWSON, in her official capacity as the Indiana Secretary of State, <br><br> Defendants. | Case No. 1:20-cv-01271-JPH-DLP |

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs filed a reply in support of their motion for a preliminary injunction on July 31, 2020. Dkt. 62. In light of the ongoing COVID-19 pandemic, the motion seeks to require Defendants to give all Indiana voters the same choice to vote by mail in the November 3 general election that Defendants afforded Indiana voters during the June 2 primary.

Plaintiffs now write to alert the Court of two developments pertinent to that motion.

*First*, on August 7, 2020, the First Circuit denied a motion to stay a Rhode Island district court's judgement and decree pending appeal in a case suspending, in light of the COVID-19 pandemic, the State's requirement that a voter using a mail ballot mark and sign the ballot in the presence of two witnesses or a notary. *See Common Cause R.I. v. Gorbea*, — F. 3d. —, 2020 WL 4579367 (1st Cir. Aug.

1

7, 2020) (Exhibit A hereto). Plaintiffs cited the district court's decision, *Common Cause R.I. v. Gorbea*, 2020 WL 4365608 (D.R.I. July 30, 2020), on page 7 of their reply.

The First Circuit explained that, under the *Anderson-Burdick* test, "[t]he burden imposed by these requirements in the midst of a pandemic is significant," "many more voters are likely to want to vote without going to the polls and will thus only vote if they can vote by mail," and "[t]aking an unusual and in fact unnecessary chance with your life is a heavy burden to bear simply to vote." 2020 WL 4579367, at *2. The First Circuit also explained that the State's "incremental interest" in preventing voter fraud and enhancing election integrity was "marginal" at best, particularly where "Rhode Island just successfully completed an election without the two-witness or notary requirement in which over 150,000 mail-in ballots were requested and no evidence of fraud resulted, much less material evidence of the type of fraud that could be prevented by the two-witness or notary requirement in the first place." *Id*.

As Plaintiffs pointed out on page 9 of their reply, Defendants here similarly adduced no evidence of fraud as a result of expanded mail-in voting to justify not allowing no-excuse absentee voting by mail in the upcoming general election as they had done in the June 2 primary. Indeed, just last week, Indiana Governor Eric Holcomb stated that he was unaware of any cases of voter fraud with Indiana mail-in ballots. Niki Kelly, Journal Gazette, *Rental aid program given boost* (Aug. 6, 2020), https://www.journalgazette.net/news/local/20200806/rental-aidprogram-given-boost (Exhibit B hereto).

Yesterday, the Supreme Court denied an application for a stay in the Rhode Island case. *See Republican Nat'l Comm. v. Common Cause R.I.*, No. 20A28, 2020 WL _____ (Aug. 13, 2020) (Exhibit C hereto). The Supreme Court stated that "[t]he status quo is one in which the challenged requirement has not been in effect, given the rules used in Rhode Island's last election, and many Rhode Island voters may well hold that belief." Order at 1.

***Second***, Plaintiffs write to clarify a citation in the proposed *amicus* brief filed by Indiana Disability Rights, Indiana Statewide Independent Living Council, American Diabetes Association, Disability Rights Education and Defense Fund, Inc., and the Disability Rights Legal Center on August 11. *See* Dkt. 64.

Plaintiffs cited *People First of Alabama v. Merrill*, 2020 WL 3207824 (N.D. Ala. June 15, 2020) at pages 7-9 of their reply. The proposed *amicus* brief notes that the district court order in *People First* was stayed by the Supreme Court on July 2. *See* Dkt. 64-1 at 12, citing *Merrill v. People First of Alabama*, No. 19A1063, 2020 WL 3604049 (U.S. July 2, 2020). The proposed *amicus* brief does not note that the Supreme Court's stay order in *People First* provided that the stay would be in effect pending disposition of the appeal in the Eleventh Circuit and any timely-filed petition for writ of certiorari, 2020 WL 3604049, at *1, and that the parties voluntarily dismissed the Eleventh Circuit appeal on July 17, 2020. *See People First of Alabama v. Merrill*, No. 20-12184 (11th Cir.). The district court's decision in *People First* continues to be cited as persuasive authority. *See, e.g.*, *Lewis v. Hughs*, 2020 WL 4344432, at *9 (W.D. Tex. July 28, 2020).

| | |
|---|---|
| Dated: August 14, 2020 | Respectfully submitted, |
| | |
| Gary A. Isaac (*pro hac vice*) | *s/ William R. Groth* |
| Jeffrey M. Strauss (*pro hac vice*) | William R. Groth, Of Counsel |
| Brett E. Legner (*pro hac vice*) | MACEY SWANSON LLP |
| Jed W. Glickstein (*pro hac vice*) | 445 N. Pennsylvania St., Suite 401 |
| MAYER BROWN LLP | Indianapolis, IN 46204 |
| 71 S. Wacker Drive | Tel: (317) 637-2345, Ext. 132 |
| Chicago, IL 60606 | Email: WGroth@fdgtlaborlaw.com |
| (312) 782-0600 | |
| Email: gisaac@mayerbrown.com | *s/ Mark W. Sniderman* |
| Email: jstrauss@mayerbrown.com | Mark W. Sniderman, 26599-49 |
| Email: blegner@mayerbrown.com | FINDLING PARK CONYERS WOODY |
| Email: jglickstein@mayerbrown.com | & SNIDERMAN, P.C. |
| | 151 N. Delaware Street, Ste. 1520 |
| *Of Counsel* | Indianapolis, IN 46204 |
| | (317) 231-1100 Tel |
| | (317) 231-1106 Fax |
| | Email: msniderman@findlingpark.com |
| | |
| | *Counsel for Plaintiffs* |