UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BARBARA TULLY, KATHARINE BLACK, MARC BLACK, DAVID CARTER, REBECCA GAINES, ELIZABETH KMIECIAK, CHAQUITTA MCCLEARY, DAVID SLIVKA, DOMINIC TUMMINELLO, and INDIANA VOTE BY MAIL, INC., individually, and on behalf of those similarly situated, <br><br>   Plaintiffs, <br><br>   -vs- <br><br> PAUL OKESON, S. ANTHONY LONG, SUZANNAH WILSON OVERHOLT, and ZACHARY E. KLUTZ, in their official capacity as members of the Indiana Election Commission, and CONNIE LAWSON, in her official capacity as the Indiana Secretary of State, <br><br>   Defendants. | Case No. 1:20-cv-01271-JPH-DLP |

**PLAINTIFFS' SUPPLEMENTAL FILING REGARDING
MOTION FOR A PRELIMINARY INJUNCTION**

Plaintiffs write regarding their motion for a preliminary injunction, Dkt. 13, which was fully briefed as of July 31, 2020. Dkt. 14 (memorandum in support), Dkt. 53 (response in opposition), Dkt. 62 (reply). Plaintiffs filed a Notice of Supplemental Authority on August 14, 2020. Dkt. 65.

That same day, the Indiana Election Commission ("IEC") held its first meeting since May 12, 2020. Presumably because of concerns about COVID-19, the meeting was held virtually, not in-person. According to published news reports, the IEC members were split on whether to allow no-excuse absentee voting by mail for the November 3 general election; Commissioners Long and Overholt supported doing so, but Chairman Okeson and Commissioner Klutz opposed the proposal, reportedly stating that they "want to see the results of a federal lawsuit filed to compel the state to expand absentee voting before

1

making any decisions to do so on their own."[1] Chairman Okeson reportedly said that it would be "premature to take any action by voting today until the courts have a chance to hand down a ruling."[2] It was also reported that Chairman Okeson "would not consider holding a public hearing" on the issue.[3]

In their response brief, Defendants urged the Court to defer to "their statutory authority and 50+ years of combined election experience," which they said they would apply after "hold[ing] public meetings, deliberat[ing] in public, and mak[ing] a record," so as to "be accountable to the public for their decisions." Dkt. 53 at 20-21. Plaintiffs' reply explained that no deference was warranted, especially because, at the time of Plaintiffs' filing, the IEC had not met even once since agreeing to allow no-excuse mail-in voting for the June 2 primary. Dkt. 62 at 24. Now that the IEC has met and its members have stated either that they support Plaintiffs' requested relief or that they are waiting for this court "to hand down a ruling," it is even more apparent that this Court need not defer to the IEC's "experience" or fact-finding—which the IEC is not willing to exercise—and that it is imperative for the Court to issue its decision as soon as possible.

There are fewer than 80 days until the general election and Defendants have shown themselves unwilling to act without Court intervention. Plaintiffs therefore respectfully renew their request that the Court grant their motion for a preliminary injunction.

---

[1] Chris Sikich, Indianapolis Star, *Indiana Election Commission won't expand absentee voting in November for COVID-19 concerns* (Aug. 14, 2020), https://www.indystar.com/story/news/politics/2020/08/14/indiana-elections-commission-wont-expand-absentee-voting/5581806002/ (attached as Exhibit A).

[2] Lauren Cross, NWI Times, *State election commission rejects vote-by-mail expansion amid COVID-19 pandemic* (Aug. 14, 2020), https://www.nwitimes.com/news/local/lake/state-election-commission-rejects-vote-by-mail-expansion-amid-covid-19-pandemic/article_cf73d5d0-5510-59fe-882a-b124ccdd31c0.html (attached as Exhibit B).

[3] Bob Segall, WTHR, *Indiana Election Commission kills proposal for expanded mail-in voting for November election* (Aug. 14, 2020), https://www.wthr.com/article/news/investigations/13-investigates/indiana-election-commission-kills-proposal-for-expanded-mail-in-voting-for-november-election/531-37092a67-e36f-46c5-a091-7864cd5704ab (attached as Exhibit C).

Dated: August 16, 2020

Gary A. Isaac (*pro hac vice*)
Jeffrey M. Strauss (*pro hac vice*)
Brett E. Legner (*pro hac vice*)
Jed W. Glickstein (*pro hac vice*)
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600
Email: gisaac@mayerbrown.com
Email: jstrauss@mayerbrown.com
Email: blegner@mayerbrown.com
Email: jglickstein@mayerbrown.com

 *Of Counsel*

Respectfully submitted,

*s/ William R. Groth*
William R. Groth, Of Counsel
MACEY SWANSON LLP
445 N. Pennsylvania St., Suite 401
Indianapolis, IN 46204
Tel: (317) 637-2345, Ext. 132
Email: WGroth@fdgtlaborlaw.com

*s/ Mark W. Sniderman*
Mark W. Sniderman, 26599-49
FINDLING PARK CONYERS WOODY
& SNIDERMAN, P.C.
151 N. Delaware Street, Ste. 1520
Indianapolis, IN 46204
(317) 231-1100 Tel
(317) 231-1106 Fax
Email: msniderman@findlingpark.com

 *Counsel for Plaintiffs*

3