# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| BARBARA TULLY, et al., | ) |
| Plaintiffs, | ) Case No.: 1:20-cv-01271-JPH-DLP |
| v. | ) |
| PAUL OKESON, et al., | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO CONSOLIDATE

Defendants, under Fed. R. Civ. P. 42(a) and Local Rule 42-1, seek to consolidate two cases filed in the Southern District of Indiana: *Barbara Tully et al. v. Indiana Election Commission Members et al.* Cause No. 1:20-cv-01271 and *Common Cause Indiana et al. v. Election Commission Members et al.* Cause No. 1:20-cv-2007. These two cases should be consolidated because they involve common questions of law and fact. In addition, these cases are filed by the same attorneys against common Defendants who are represented by the Indiana Attorney General's Office. Consolidating these two matters will work to ensure judicial efficiency and avoid potential confusion by separate rulings. In support of their motion, Defendants state:

***Procedural Background***

1. Plaintiffs filed their *Amended Class Action Complaint for Declaratory and Injunctive Relief* in this case on May 4, 2020. [ECF 6]. Discovery in this matter is in its infancy: the Defendants have propounded one set of interrogatories which were answered by the Plaintiffs on July 20, 2020. No other discovery has been

conducted in this case and the non-expert discovery deadline is not until February of 2021—with other discovery deadlines following months after. No trial or hearing dates are set.

2. The Court has not yet ruled on the fully-briefed issues of class certification and preliminary injunctive relief in this case (which was fully briefed as of July 31, 2020).

3. In cause number 1:20-cv-2007, filed on July 30, 2020, the Defendants were served on August 10 and 11, 2020, and no case management case deadlines have been set.

4. Defendants are filing their motion for consolidation at the earliest opportunity to ensure judicial economy in litigating both cases. Federal Rule of Civil Procedure 42(a) does not provide a specific deadline for consolidation—some courts may even permit the filing of a motion to consolidate beyond the deadline set in the court's scheduling order for filing other motions in the case (see, for example, *Linton v. Angie's Inc.*, 288 F.R.D. 432, 434 (D.S.D. 2012)).

*Standard of Review*

5. The determination to consolidate is at the discretion of the court as outlined by Fed. R. Civ. P. 42(a). The court may join the hearings or trial, consolidate the cases, or issue other orders to avoid unnecessary cost or delay where the cases involve a common question of law or fact. Fed. R. Civ. P. 42(a).

6. The Defendants in this case have the burden of proof of showing that the cases should be consolidated. *Adams v. N. Indiana Pub. Serv. Co.,* No. 2:10-cv-

469, 2012 WL 2375324, at *1 (N.D. Ind. June 22, 2012). Where the resolution of factual issues is essential to both cases, and similar evidence will be presented, consolidation will be ordered. *Id*.

7. Federal Rule of Civil Procedure 42(a) permits courts to consolidate actions which "involve a common question of law or fact," and consolidation is permitted as a matter of convenience and economy for both parties and the Court. *Hall v. Hall*, 138 S. Ct. 1118, 1126 (2018). The purpose of consolidating cases is to enable "more efficient case management" and serves as a "matter of convenience in administration, to keep them in step." *Id.* at 1125, 1127.

8. In exercising its discretion to consolidate cases, the Court looks at several factors, which are: "whether the risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, and the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned." *Id*. (citing *Arnold v. Eastern Airlines, Inc.,* 681 F.2d 186, 193 (4th Cir.1982)).

*Facts and Argument*

9. Both of the cases filed by the Plaintiffs allege constitutional violations concerning the application of Indiana's absentee voting laws in light of the COVID-19 pandemic.

10. In this case, Plaintiffs allege that the COVID-19 pandemic would limit voter turnout, and to remedy that issue, the State Defendants should be enjoined to

allow all Indiana residents to vote by absentee ballot for the November 3, 2020 general election.

11. In cause number 1:20-cv-2007, the Plaintiffs allege that the deadline for receiving absentee ballots by noon on the date of the election, November 3, 2020, would also limit the number of counted votes and infringe voters' rights. Plaintiffs in 1:20-cv-2007 ask that the State Defendants be enjoined to allow all ballots postmarked on or before November 3, 2020 and received by the county clerk's office on or before November 13, 2020, to be counted in the general election.

12. Both of these cases challenge Indiana's statutes governing absentee voting for the upcoming general election. So a failure to consolidate these cases would result in a duplication of efforts by all parties in discovery and could result in inconsistent or adversely timed verdicts. Consolidation of the two pending actions would serve the purpose of Rule 42 to allow both this Court and the parties to address similar factual and legal claims:

- Both cases allege factual issues regarding limited voted participation caused by the COVID-19 pandemic, and both cases allege the same core issue: voter disenfranchisement stemming from the requirements of Indiana's absentee voter mail-in system given the COVID-19 pandemic;

- Both complaints bring similar legal Constitutional claims under 42 U.S.C. §1983: Plaintiffs in this case allege voter disenfranchisement as a violation of the 14th Amendment and a state law claim. Common

   Cause in cause number 1:20-cv-2007 alleges vote disenfranchisement as a violation of the 1st and 14th Amendments, along with other state law claims.

- Both complaints ask the Court to rule on part of Indiana's voter mail-in system. Plaintiffs in this case ask the Court to require that all Indiana residents be allowed to participate in the absentee mail-in voting system. Common Cause in 1:20-cv-2007 asks the court to rule on the timing of the mailed in ballots counted by the county election boards—which would follow a ruling in this case.

- The discovery in each case will substantially overlap and will involve the same attorneys on the Plaintiffs' side and the Indiana Election Division, the Indiana Secretary of State's office, and the same or similar parties on the Defendants' sides.

- Counsel in both cases are substantially the same with the Plaintiffs' cases being filed in each case by Mr. Groth and Mr. Sniderman and the State being represented in each case by the Indiana Attorney General's Office with common Defendants—including the Indiana Election Division;

- Both cases bring similar legal Constitutional claims under 42 U.S.C. §1983, including Fourteenth Amendment claims surrounding Indiana's voter mailing system;

- These cases have substantially similar facts and legal claims to warrant consolidation of these cases.

13.  Judicial economy further supports consolidation of these cases because: (1) both cases have the same State Defendants, i.e. the Indiana Secretary of State and members of the Indiana Election Commission, who are sued in their official capacities; and counsel in both cases are substantially the same, as Plaintiffs in both cases are represented by Mr. Groth and Mr. Sniderman, among other attorneys, and the State is represented in each case by the Indiana Attorney General's Office. Given the similar factual and legal claims in both cases, discovery in each case will substantially overlap and will involve the same attorneys on the Plaintiffs' side and the same parties on the Defendants' side, i.e. members of the Indiana Election Division and the Indiana Secretary of State's Office.

When there are two cases that grow out of the same set of facts, have the same lawyers and same parties, and are in the same court, judicial economy strongly favors consolidation of the two cases. *Millman v. United Techs. Corp.,* No. 1:16-CV-312-PPS-SLC, 2017 WL 1165081, at *3 (N.D. Ind. Mar. 28, 2017). In the two cases, the Court is being asked to address issues stemming from Indiana's absentee voter laws. One case is newly-filed while the present case is in the beginning stages of discovery. The Defendants expect discovery to overlap in the two matters for reasons outlined above and where the two cases are on the same stages of litigation, involve identical legal claims, and overlapping witnesses and documentary evidence, consolidation is favored. *Id.*

14. While the claims do not entirely overlap, the law does not require that the cases be identical as to all Defendants—only that they have common issues of law or fact. *Magnavox Co. v. APF Elecs., Inc.,* 496 F. Supp. 29, 32 (N.D. Ill. 1980).

15. In the two cases, the parties, evidence, and factual claims of absentee voting in response to COVID-19 and the Plaintiffs' concerns with voter disenfranchisement—concerning either a mandate of absentee voting or concerning the time the absentee voting is received by mail to be counted—mean that consolidation of the cases will avoid unnecessary delay, costs, and time by both parties. "If two cases appear to this court to be of like nature and relative to the same question, if a joint trial of them would avoid unnecessary costs and delay, and it is reasonable to try them together, it is within this court's discretionary power to order consolidation." *Midwest Cmty. Council, Inc. v. Chicago Park Dist.,* 98 F.R.D. 491, 499 (N.D. Ill. 1983).

Based on the foregoing, the Defendants respectfully request this Court grant their motion to consolidate cause numbers 1:20-cv-01271 and 1:20-cv-02007 to best serve the interest of judicial efficiency for the benefit of the court and all parties.

Respectfully submitted,

CURTIS T. HILL, JR.
Indiana Attorney General
Attorney No. 13999-20

Date: August 18, 2020    By:    Jefferson S. Garn
Attorney No. 29921-49
Deputy Attorney General
OFFICE OF INDIANA ATTORNEY GENERAL

7

>Indiana Government Center South, 5th Floor
>302 West Washington Street
>Indianapolis, Indiana 46204-2770
>Phone: (317) 234-7119
>Email: Jefferson.Garn@atg.in.gov