UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BARBARA TULLY, <br> KATHARINE BLACK, <br> MARC BLACK, <br> DAVID CARTER, <br> REBECCA GAINES, <br> ELIZABETH KMIECIAK, <br> CHAQUITTA MCCLEARY, <br> DAVID SLIVKA, <br> DOMINIC TUMMINELLO, <br> INDIANA VOTE BY MAIL, INC. <br> individually, and on behalf of those <br> similarly situated, <br><br>                    Plaintiffs, <br><br>          v. <br><br> PAUL OKESON, <br> S. ANTHONY LONG, <br> SUZANNAH WILSON OVERHOLT, <br> ZACHARY E. KLUTZ in their official <br> capacity as members of the Indiana <br> Election Commission, <br> CONNIE LAWSON in her official capacity <br> as the Indiana Secretary of State, <br><br>                    Defendants. <br><br> DISABILITY RIGHTS EDUCATION AND <br> DEFENSE FUND, INC, <br><br>                    Amicus. <br><br> COMMON CAUSE INDIANA, <br> INDIANA STATE CONFERENCE OF THE <br> NAACP, <br><br>                    Miscellaneous. | No. 1:20-cv-01271-JPH-DLP |

1

## ORDER DENYING MOTION TO CONSOLIDATE

Defendants have filed a motion to consolidate *Common Cause Indiana et al. v. Election Commission Members et al.*, No. 1:20-cv-2007-SEB-TAB, with this case. Dkt. 67. They argue that this Court should exercise its discretion to consolidate the cases to "ensure judicial efficiency and avoid potential confusion by separate rulings." *Id.* at 1. Plaintiffs in this case and in 1:20-cv-2007 oppose the motion, arguing that the "different plaintiffs, different counsel, different questions of both law and fact, different constitutional claims, and . . . distinct procedural postures" make consolidation inappropriate. Dkt. 69; *see* dkt. 70.

Federal Rule of Civil Procedure 42 grants the Court discretion to consolidate actions that "involve a common question of law or fact." *See Blue Cross Blue Shield of Mass. v. BCS Ins.*, 671 F.3d 635, 640 (7th Cir. 2011). Mere "similarities" between cases do "not render the district court's denial of consolidation an abuse of discretion." *Star Ins. Co. v. Risk Mktg. Grp.*, 561 F.3d 656, 660 (7th Cir. 2009).

Here, the similarities that Defendants identify are primarily superficial—some parties are the same, some counsel are the same, some discovery may overlap, and both cases involve constitutional issues surrounding COVID-19 and Indiana's general election. *See* dkt. 67. Defendants have not shown that many of the same facts will be relevant in both cases, or that the legal issues are substantially the same. *See id.* So, regardless of whether consolidation is permissible, it does not warrant the exercise of the Court's discretion. *See*

*Owner–Operator Ind. Drivers Ass'n v. Mayflower Trans.*, No. 1:98-cv-457-SEB-JMS, 2007 WL 9770410 at *1–2 (S.D. Ind. Oct. 26, 2007).

The motion to consolidate is **DENIED**. Dkt. [67].

**SO ORDERED.**

Date: 8/20/2020

*[signature: James Patrick Hanlon]*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Courtney Lyn Abshire
INDIANA ATTORNEY GENERAL
courtney.abshire@atg.in.gov

Bridget A. Clarke
baclarke@comcast.net

Thomas M. Fisher
INDIANA ATTORNEY GENERAL
tom.fisher@atg.in.gov

Jefferson S. Garn
INDIANA ATTORNEY GENERAL
Jefferson.Garn@atg.in.gov

Jed W. Glickstein
MAYER BROWN LLP
jglickstein@mayerbrown.com

William R. Groth
MACEY SWANSON LLP
wgroth@fdgtlaborlaw.com

Kian J. Hudson
INDIANA ATTORNEY GENERAL
kian.hudson@atg.in.gov

Gary A. Isaac

3

MAYER BROWN LLP
gisaac@mayerbrown.com

Brett E. Legner
MAYER BROWN LLP
blegner@mayerbrown.com

Parvinder Kaur Nijjar
INDIANA ATTORNEY GENERAL
parvinder.nijjar@atg.in.gov

Michael Anthony Scodro
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606

Mark W. Sniderman
FINDLING PARK CONYERS WOODY & SNIDERMAN, PC
msniderman@findlingpark.com

Jeffrey M. Strauss
MAYER BROWN LLP
jstrauss@mayerbrown.com