UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BARBARA TULLY, KATHARINE BLACK, MARC BLACK, DAVID CARTER, REBECCA GAINES, CHAQUITTA MCCLEARY, DAVID SLIVKA, DOMINIC TUMMINELLO, and INDIANA VOTE BY MAIL, INC., <br><br> Plaintiffs, <br><br> -vs- <br><br> PAUL OKESON, KAREN CELESTINO-HORSEMAN, SUZANNAH WILSON OVERHOLT, and LITANY A. PYLE, in their official capacity as members of the Indiana Election Commission, and HOLLI SULLIVAN, in her official capacity as the Indiana Secretary of State, <br><br> Defendants. | Case No. 1:20-cv-01271-JPH-DLP |

**MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, Barbara Tully, Katharine Black, Marc Black, David Carter, Rebecca Gaines, Chaquitta McCreary, David Slivka, Dominic Tumminello, and Indiana Vote By Mail, Inc., by counsel, pursuant to Federal Rule of Civil Procedure 56(a) and S.D. Ind. L.R. 56-1, move the Court for summary judgment on Count II of their Amended Complaint.[1] Dkt. 6 at 17-20. Plaintiffs incorporate their Memorandum in Support of Motion for Summary Judgment (hereinafter "Memo") filed in support of this motion, and show the Court as follows:

1. The individual Plaintiffs are Indiana voters under 65 years of age; none currently qualifies, or expects to qualify, to vote absentee ballot by mail in upcoming election cycles under current Indiana law. [Exhibits 1-8, ¶¶ 1, 3, 4.] But if given the opportunity, the individual Plaintiffs would prefer to vote by mail. [*Id.*, ¶¶ 2, 5.]

---

[1] Counts I and III of the Amended Complaint have previously been dismissed. Dkt. 99, 101.

2. The Twenty-Sixth Amendment to the United States Constitution unambiguously provides that "[t]he right of citizens of the United States, who are eighteen years of age or older, to vote shall not be denied or abridged by the United States or by any State on account of age." U.S. Const. amend XXVI, § 1.

3. The Twenty-Sixth Amendment prohibits both the denial and the abridgment of the right to vote, which includes absentee voting.

4. Indiana law, however, forbids voters under age 65 the right to vote by mail without excuse, while permitting those 65 and older to do so. Indiana Code §§ 3-11-10-24(a)(5), and 3-5-2-16.5.

5. Indiana's absentee voting laws clearly treat voters differently "on account of age." Indiana's laws thus abridge the right to vote on account of age, in violation of the Twenty-Sixth Amendment.

6. The Twenty-Sixth Amendment's prohibition on "abridgment" of the right to vote on account of age, and the identical prohibitions on abridgment of that right on account of race, sex, or ability to pay a poll tax, apply whenever some voters are treated less favorably than others on account of the prohibited criterion. Indiana Code §§ 3-5-2-16.5 and 3-11-10-24(a)(5) do exactly this on their face. "Any material requirement" based on the criteria prohibited by one of the Voting Amendments (the Fifteenth, Nineteenth, Twenty-Fourth, and Twenty-Sixth Amendments), "subverts the effectiveness" of the Amendment and "must fall under its ban." *Harman v. Forssenius*, 380 U.S. 528, 524 (1965).

7. Plaintiffs are entitled to summary judgment on their Twenty-Sixth Amendment claim for the reasons identified in their Amended Complaint, Memo, and designated evidence.

8. In support of this motion, Plaintiffs hereby incorporate and designate as evidence all exhibits to this Motion and documents cited by such exhibits; all documents cited to by the

Memo and reply in support of this Motion; all evidence designated by any Defendant in response to this motion or in support of their own motion for summary judgment; all evidence designated by Plaintiffs in response to the summary judgment motion of any Defendant; all pleadings in this matter; and all documents cited to in all pleadings; including, without limitation, the following exhibits:

1. Second Declaration of Barbara Tully [Exhibit 1, dkt. 112-1].
2. Second Declaration of Katharine Black [Exhibit 2, dkt. 112-2].
3. Second Declaration of Marc Black [Exhibit 3, dkt. 112-3].
4. Second Declaration of David Carter [Exhibit 4, dkt. 112-4].
5. Second Declaration of Rebecca Gaines [Exhibit 5, dkt. 112-5].
6. Second Declaration of Chaquitta McCreary [Exhibit 6, dkt. 112-6].
7. Second Declaration of David Slivka [Exhibit 7, dkt. 112-7].
8. Second Declaration of Dominic Tumminello [Exhibit 8, dkt. 112-8].

WHEREFORE, Plaintiffs, by counsel, request that the Court grant their Motion for Summary Judgment and set further proceedings to determine the appropriate remedies for the constitutional violation.

<table>
<tr><td>

Dated: December 10, 2021

Gary A. Isaac (pro hac vice)  
Jeffrey M. Strauss (pro hac vice)  
Brett E. Legner (pro hac vice)  
Jed W. Glickstein (pro hac vice)  
MAYER BROWN LLP  
71 S. Wacker Drive  
Chicago, IL 60606  
(312) 782-0600  
Email: gisaac@mayerbrown.com  
Email: jstrauss@mayerbrown.com  
Email: blegner@mayerbrown.com  
Email: jglickstein@mayerbrown.com  

*Of Counsel*

</td><td>

Respectfully submitted,

*s/ William R. Groth*  
William R. Groth, Of Counsel  
VLINK LAW FIRM LLC  
429 N. Pennsylvania St., Suite 411  
Indianapolis, IN 46204  
Tel: (317) 353-9353  
Email: WGroth@fdgtlaborlaw.com  

*s/ Mark W. Sniderman*  
Mark W. Sniderman  
FINDLING PARK CONYERS WOODY  
& SNIDERMAN, P.C.  
151 N. Delaware Street, Ste. 1520  
Indianapolis, IN 46204  
(317) 231-1100 Tel  
(317) 231-1106 Fax  
Email: msniderman@findlingpark.com  

*Counsel for Plaintiffs*

</td></tr>
</table>