UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BARBARA TULLY, KATHARINE BLACK, MARC BLACK, DAVID CARTER, REBECCA GAINS, CHAQUITTA MCCLEARY, DAVID SLIVKA, DOMINIC TUMMINELLO, and INDIANA VOTE BY MAIL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PAUL OKESON, KAREN CELESTINO-HORSEMAN, SUZANNAH WILSON OVERHOLT, and LITANY A. PYLE, in their official capacity as members of the Indiana Election Commission, and HOLLI SULLIVAN, in her official capacity as the Indiana Secretary of State, <br><br> Defendants. | Case No. 1:20-cv-01271-JPH-DLP |

**DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendants, by counsel, respectfully ask the Court to grant summary judgment in their favor on Plaintiffs' Twenty-Sixth Amendment claim because there is no constitutional right to cast an absentee ballot by mail and Indiana's law permitting elderly voters to cast an absentee ballot by mail neither abridges nor denies the right to vote to voters under the age of 65.[1] In support, Defendants incorporate their arguments in their contemporaneously filed supporting brief and state the following:

1.      The Twenty-Sixth Amendment provides that "[t]he right of citizens of the United States, who are eighteen years of age or older, to vote shall not be denied or abridged

---

[1] The parties previously stipulated to dismissal of Counts I and III of the Amended Complaint. Dkts. 99, 101.

by the United States or by any State on account of age." U.S. Const. amend. XXVI, § 1. This Amendment was widely understood at the time to serve the purpose of lowering the voting age to 18. Plaintiffs have claimed, however, that Indiana Code section 3-11-10-24(a)(5) violates the Twenty-Sixth Amendment because it permits elderly voters (defined in Indiana Code section 3-5-2-16.5 as age 65 and older) to cast an absentee ballot by mail, but does not extend that privilege to voters under the age of 65.

2. Plaintiffs' claim fails as a matter of law. First, there is no constitutional right to cast an absentee ballot by mail. *See McDonald v. Bd. of Election Comm'rs of Chicago*, 394 U.S. 802, 807–808 (1969). Merely permitting elderly voters to cast an absentee ballot by mail does not deny Plaintiffs the right to vote because Plaintiffs may still vote absentee in-person or cast their ballot in-person on Election Day.

3. Furthermore, even assuming for the sake of argument that the Twenty-Sixth Amendment goes beyond lowering the voting age to 18 and confers an individual right to be free from the denial or abridgment of the right to vote on account of age, the challenged law is still constitutional because it does not abridge Plaintiffs' right to vote on account of age. At the time the Indiana General Assembly passed the law permitting elderly voters to cast an absentee ballot by mail, voters under the age of 65 did not qualify to vote absentee by mail (unless they fell into one of the other categories of voters permitted to do so). By merely permitting elderly voters to cast an absentee ballot by mail, the Indiana General Assembly did not make voting more difficult for non-elderly voters than before the law was enacted. *See Texas Democratic Party v. Abbott*, 978 F.3d 168, 191 (2020). Accordingly, the challenged statute does not abridge Plaintiffs' right to vote in contravention of the Twenty-Sixth Amendment.

WHEREFORE, Defendants respectfully request that the Court deny Plaintiffs' motion for summary judgment, grant Defendants' motion for summary judgment, and grant all other just and proper relief.

                                                  Respectfully submitted,

                                                  THEODORE E. ROKITA
                                                  INDIANA ATTORNEY GENERAL

By:   */s/ Courtney L. Abshire*
       Courtney L. Abshire
       Deputy Attorney General

OFFICE OF INDIANA ATTORNEY GENERAL TODD ROKITA
302 West Washington Street
Indiana Government Center South, 5th Floor
Indianapolis, IN 46204
Ph.: 317-234-7019
Fax: 317-232-7979
Email: Courtney.Abshire@atg.in.gov