UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BARBARA TULLY, <br> KATHARINE BLACK, <br> MARC BLACK, <br> DAVID CARTER, <br> REBECCA GAINES, <br> CHAQUITTA MCCLEARY, <br> DAVID SLIVKA, <br> DOMINIC TUMMINELLO, <br> INDIANA VOTE BY MAIL, INC. <br> individually, and on behalf of those <br> similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PAUL OKESON, <br> SUZANNAH OVERHOLT, <br> KAREN CELESTINO–HORSEMAN, <br> LITANY PYLE in their official capacity as <br> members of the Indiana Election <br> Commission, <br> HOLLI SULLIVAN in her official capacity <br> as the Indiana Secretary of State,[1] <br><br> Defendants. | No. 1:20-cv-01271-JPH-DLP |

**ORDER ON MOTIONS FOR SUMMARY JUDGMENT**

The parties have filed cross-motions for summary judgment, dkt. 112; dkt. 117. Plaintiffs argue that Indiana's absentee voting law—which allows only some Hoosiers to vote by mail—violates the Twenty-Sixth Amendment by abridging the right to vote based on age. Defendants—the Indiana Secretary of State and members of the Indiana Election Commission—argue that they are

---

[1] The original Defendants' successors in their public offices have been automatically substituted as parties under Federal Rule of Civil Procedure 25(d).

1

entitled to summary judgment because the Seventh Circuit's earlier opinion in this case decided that Indiana's absentee voting law does not violate the Twenty-Sixth Amendment.  *See Tully v. Okeson*, 977 F.3d 608 (7th Cir. 2020).  For the reasons below, Defendants' motion for summary judgment is **GRANTED**, dkt. [117], and Plaintiffs' is **DENIED**, dkt. [112].

## I.
## Facts and Background

The parties have filed cross-motions for summary judgment, so the Court takes the motions "one at a time." *American Family Mut. Ins. v. Williams*, 832 F.3d 645, 648 (7th Cir. 2016).  For each motion, the Court views and recites the evidence and draws all reasonable inferences "in favor of the non-moving party." *Id.*  That's not necessary here, however, because under the undisputed facts Defendants are entitled to summary judgment.

Plaintiffs include several Indiana voters who would like to vote by mail. Dkt. 6 at 3–7; *see* dkt. 13 (Plaintiffs' declarations).  Under Indiana's vote by mail statute, "a voter who satisfies any of [13 categories] is entitled to vote by mail."  Indiana Code § 3-11-10-24(a).  One of those categories is "elderly voter[s]," *id.*, which Indiana law defines as "a voter who is at least sixty-five years of age."  Ind. Code § 3-5-2-16.5.  Plaintiffs allege that this category for voting by mail violates the Twenty-Sixth Amendment by abridging their right to vote based on age.  Dkt. 6 at 17–20.[2]

---

[2] Plaintiffs also alleged that Indiana's vote by mail statute violated the Fourteenth Amendment and the Indiana Constitution, dkt. 6, but have voluntarily dismissed those claims, dkt. 99.

2

Plaintiffs filed a motion for preliminary injunction in June 2020, seeking an order requiring Indiana to implement "no-excuse absentee voting" that would allow any voter to vote by mail with an absentee ballot in the November 3, 2020, general election. Dkt. 13; dkt. 62. The Court denied that motion, finding that Plaintiffs were not likely to succeed on the merits. Dkt. 72. Plaintiffs appealed, dkt. 73, and the Seventh Circuit affirmed. *See Tully v. Okeson*, 977 F.3d 608 (7th Cir. 2020). The Supreme Court denied Plaintiffs' petition for certiorari. *Tully v. Okeson*, 141 S. Ct. 2798 (2021).

The parties have filed cross-motions for summary judgment on Plaintiffs' Twenty-Sixth Amendment claim. Dkt. 112; dkt. 117.

## II.
## Applicable Law

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In ruling on cross motions for summary judgment, the Court takes the motions "one at a time," viewing and reciting the evidence and drawing all

3

reasonable inferences "in favor of the non-moving party." *Williams*, 832 F.3d at 648.

### III.
### Analysis

Plaintiffs argue that they are entitled to summary judgment because text, history, and precedent show that the Twenty-Sixth Amendment prohibits Indiana from "failing to provide younger voters with the same ability to vote absentee as older voters." Dkt. 113 at 8, 10. Defendants contend they are entitled to summary judgment under the Seventh Circuit's opinion in this case. Dkt. 117; dkt. 131; *see Tully v. Okeson*, 977 F.3d 608 (7th Cir. 2020).

#### A. The Seventh Circuit's Opinion

The Seventh Circuit affirmed this Court's denial of Plaintiffs' motion for preliminary injunction, recognizing that Plaintiffs' claim "hinge[d] on one question: what is 'the right to vote'?" *Tully*, 977 F.3d at 611. It then explained that, under Supreme Court precedent, "the fundamental right to vote does not extend to a claimed right to cast an absentee ballot by mail," so "unless a state's actions make it harder to cast a ballot at all, the right to vote is not at stake." *Id.* (citing *McDonald v. Bd. of Elec. Comm'rs of Chi.*, 394 U.S. 802, 807 (1969)). Under that rule, "Indiana's absentee-voting regime" was not responsible for any challenges associated with voting in-person, so it "does not affect Plaintiffs' right to vote and does not violate the Constitution." *Id.*

Elaborating on those principles, the Seventh Circuit recognized that the "success of [Plaintiffs' Twenty-Sixth Amendment Claim] depends on whether

Indiana's age-based absentee-voting law abridges 'the right . . . to vote' protected by the Twenty Sixth Amendment or merely affects a privilege to vote by mail." *Id.* at 613. The Seventh Circuit explained that "[t]he Supreme Court answered this question in *McDonald*" when it "held that the fundamental right to vote means the ability to cast a ballot, but not the right to do so in a voter's preferred manner, such as by mail." *Id.* Indiana's absentee voter law thus "does not 'impact [Plaintiffs'] ability to exercise the fundamental right to vote' or 'absolutely prohibit [Plaintiffs] from voting.'" *Id.* at 614. For that reason, the Seventh Circuit concluded that under *McDonald* the issue in this case "'[i]s not a claimed right to vote' but a 'claimed right to absentee ballot.'" *Id.* But the Twenty-Sixth Amendment "only protects the right to vote." *Id.*[3]

"Two other principles" also guided the Seventh Circuit's decision: the Indiana legislature's constitutional authority to "prescribe the manner of holding federal elections," and the Supreme Court's *Purcell* principle, which "counsels federal courts to exercise caution and restraint before upending state election regulations on the eve of an election." *Id.* at 611–12 (citing *Purcell v. Gonzalez*, 549 U.S. 1, 4 (2006)). It's clear, though, that the holding did not turn on *Purcell* or on preliminary-injunction procedure. Instead, the Seventh Circuit held that Plaintiffs' claims were foreclosed by *McDonald* and the wide berth the Constitution gives states to regulate elections: "[W]e should not, and will not, 'judicially legislat[e] so radical a reform [as unlimited absentee voting]

---

[3] Judge Ripple's concurring opinion recognized the majority's view that *McDonald* "establishes a rigid rule that the fundamental right to vote does not include a right to cast an absentee ballot." *Tully*, 977 F.3d at 619.

in the name of the Constitution' where the State has infringed on no one's right to vote." *Id.* at 618.

## B. Seventh Circuit Precedent and Law of the Case

"Generally, under the law of the case doctrine, when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case."[4] *United States v. Story*, 137 F.3d 518, 520 (7th Cir. 1998). "[T]he discretion to reconsider an issue . . . already decided in a prior stage of litigation," is therefore sparingly exercised "unless an intervening change in the law, or some other special circumstance, warrants reexamining the claim." *Id.*

Here, the Seventh Circuit's opinion affirming the denial of Plaintiffs' motion for a preliminary injunction is precedent to be followed as law of the case. *See Tully*, 977 F.3d 608. To start, the issues here—the Twenty-Sixth Amendment's meaning and application to absentee voting—are pure issues of law. *See* dkt. 113 at 10 ("[T]he only material questions that need to be resolved for Plaintiff's remaining claim are purely legal."). The parties do not rely on any discovery or record evidence in their briefs, *see id.*; dkt. 118—indeed, there's no designated evidence except Plaintiffs' declarations that they want to vote by mail but are not yet qualified based on their age, *see* dkt. 112. In short, there is no "substantial new evidence introduced after the first review." *Carmody v.*

---

[4] Defendants did not explicitly raise the law of the case doctrine until their reply brief, dkt. 131, but the issues relevant to its application have been fully briefed because the parties addressed the import of the Seventh Circuit's *Tully* decision in detail. *See* dkt. 113 at 21–25 (arguing that "the Seventh Circuit's preliminary injunction ruling should not control here"); dkt. 126 at 16–19.

6

*Bd. of Tr. of Univ. of Ill.*, 893 F.3d 397, 408 (7th Cir. 2018) (holding that the law of the case doctrine applied).

Next, the Seventh Circuit's opinion squarely addressed and cleanly resolved the legal issues now presented in the parties' motions for summary judgment. It explained that the Supreme Court already "answered th[e] question" of whether voting by mail implicated the right to vote in the negative, so Indiana's vote by mail statute did not implicate Plaintiffs' "'right to vote' but a 'claimed right to an absentee ballot.'" *Tully*, 977 F.3d at 614 (citing *McDonald v. Bd. of Elec. Comm'rs of Chi.*, 394 U.S. 802, 807 (1969)). And the legal conclusion underpinning the Seventh Circuit's holding that Plaintiffs were "unlikely to succeed" was unequivocal: "Indiana's absentee-voting regime does not affect Plaintiff's right to vote and does not violate the Constitution." *Id.* at 611. District courts must, of course, "follow the decisions of [the Seventh Circuit] whether or not they agree." *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004). That supports applying the law of the case doctrine—the Seventh Circuit "has long held that matters decided on appeal become the law of the case to be followed in all subsequent proceedings in the trial court . . . unless there is plain error of law in the original decision." *See Evans v. City of Chicago*, 873 F.2d 1007, 1013–14 (7th Cir. 1989).

Plaintiffs nevertheless argue that the Seventh Circuit's opinion is not binding because it was "reached during the preliminary injunction phase."

7

Dkt. 113 at 22.[5]  But preliminary injunction proceedings are not categorically exempt from the law of the case doctrine.  *See Pearson v. Edgar*, 153 F.3d 397, 405 (7th Cir. 1998) (holding that the opinion from a previous appeal from a preliminary-injunction order "establishe[d] the law of the case").  While the Court recognizes that a decision "from the preliminary injunction stage" may be "based on incomplete evidence and a relatively hurried consideration of the issues," *Comms. Maintenance, Inc. v. Motorola, Inc.*, 761 F.2d 1202, 1205 (7th Cir. 1985), there must be sound reasons for a district court to find that Seventh Circuit precedent does not control.  *See Carmody*, 893 F.3d at 408 ("[T]he law-of-the-case doctrine may yield if an intervening change in the law, or some other special circumstance, warrants reexamining the claim.").  Here, Plaintiffs have identified none.  There is no new evidence for the Court to consider and the issues do not depend on any factual findings.  *See* dkt. 113.  And as discussed above, while the Seventh Circuit referenced the *Purcell* principle because its decision came "on the eve of an election," the court unequivocally determined that Plaintiffs' claims were foreclosed by *McDonald* and the wide berth that the Constitution gives the states to regulate elections.  *Tully*, 977 F.3d at 617–18.

---

[5] Plaintiffs also cite Defendants' statement, made in a footnote of their brief in opposition to petition for a writ of certiorari to the United States Supreme Court, that "preliminary-injunction decisions have no preclusive effect on future proceedings in a single case."  *See* dkt. 113 at 22.  Since the law of the case is a prudential judicial doctrine, this Court declines to follow that concession here.  *See Boyer v. BNSF Ry. Co.*, 824 F.3d 694, 710–11 (7th Cir. 2016).

Indeed, the Seventh Circuit has held that, at least in some circumstances, district courts have "no authority to revisit" issues resolved in an appeal from a ruling on a motion for preliminary injunction. *See Pearson*, 153 F.3d at 405. In the *Pearson* litigation, the plaintiffs filed a motion for preliminary injunction to enjoin the application of an Illinois statute regulating real estate practices. *Id.* at 399–400. The district court denied that motion and the Seventh Circuit affirmed, holding that the plaintiffs' vagueness and equal-protection challenges were "without merit." *Id.* at 400; *Curtis v. Thompson*, 840 F.2d 1291, 1304 n.12 (7th Cir. 1988). Back in the district court, the plaintiffs eventually prevailed on the vagueness and equal-protection claims. *Pearson*, 153 F.3d at 400, 405. On appeal, the Seventh Circuit held that its prior opinion "establishe[d] the law of the case on equal protection and vagueness" so the district court's "decision with respect to those issues is without effect." *Id.*

The similarities to *Pearson* favor applying the doctrine here—in both cases, the Seventh Circuit decided solely legal issues and there was no intervening reason to take a different approach. Even in circuits where preliminary injunction rulings generally "do not constitute the law of the case," within those rulings "conclusions on pure issues of law . . . are binding." *Ranchers Cattlemen Action Legal Fund v. U.S. Dept. of Ag.*, 499 F.3d 1108, 1114 (9th Cir. 2007); *see Fish v. Schwab*, 957 F.3d 1105, 1141 (10th Cir. 2020); *Howe v. City of Akron*, 801 F.3d 718, 740 (6th Cir. 2015); *Sherley v. Sebelius*, 689 F.3d 776, 782–83 (D.C. Cir. 2012); *Am. Civil Liberties Union v. Mukasey*,

9

534 F.3d 181, 187–88 (3d Cir. 2008). Here, the Seventh Circuit's conclusions on pure issues of law are precedential and cannot be cast aside in ruling on the parties' summary judgment motions.

Indeed, the bulk of Plaintiffs' arguments about the Twenty-Sixth Amendment's meaning were raised to the Seventh Circuit but did not carry the day. Plaintiffs contend here that "the text of the Twenty-Sixth Amendment is dispositive" and that *McDonald* does not apply. Dkt. 113 at 12–21. But they first raised those arguments to the Seventh Circuit. *See* Plaintiffs–Appellants' Brief, 2020 WL 5261085 at *16, (relying on "the plain text of the Twenty-Sixth Amendment" and arguing that "McDonald does not address, much less override, the meaning of the 'deny or abridge' language in the voting amendments"). And the Seventh Circuit's opinion rejected them, "either expressly or by necessary implication,"[6] restricting this Court's ability to revisit those questions now. *Dobbs v. DePuy Orthopaedics, Inc.*, 885 F.3d 455, 458 (7th Cir. 2018).

Plaintiffs resist this outcome by arguing that the Seventh Circuit's opinion has been undermined by a recent Supreme Court decision. Dkt. 113 at 22 (citing *Brnovich v. Democratic Nat'l Comm.*, 141 S. Ct. 2321 (2021)). But *Brnovich* does not cast serious doubt on *Tully*'s reasoning since *Brnovich* addressed § 2 of the Voting Rights Act—not the Constitution—and "nobody

---

[6] Even Plaintiffs' current argument that was not fully presented to the Seventh Circuit—that the "legislative history of the Twenty-Sixth Amendment reinforces the conclusion that laws governing absentee voting are part of the 'right to vote'"—is contradicted by the Seventh Circuit's conclusion that *McDonald* held the opposite. *See Tully*, 977 F.3d at 613.

dispute[d] . . . that an 'abridgement' of the right to vote *under § 2* does not require outright denial of the right." 141 S. Ct. at 2341 (emphasis added). Nor is the law of the case doctrine undermined by the Seventh Circuit's reliance on the Supreme Court's *McDonald* opinion. *See Tully*, 977 F.3d at 611, 613–14. While the Supreme Court has not addressed *McDonald*'s application to the Twenty-Sixth Amendment, *see* dkt. 113 at 18–21, the Seventh Circuit's majority opinion adopted the view that *McDonald* "establishes a rigid rule that the fundamental right to vote does not include a right to cast an absentee ballot." *Tully*, 977 F.3d at 619 (Ripple, J., concurring). The Court follows that understanding of *McDonald* unless a higher court expressly holds otherwise. *See Reiser*, 380 F.3d at 1029; *Inter'l Union of Oper. Eng'rs v. Daley*, 983 F.3d 287, 300 (7th Cir. 2000) ("[T]he Supreme Court does not normally overturn or dramatically limit its precedents *sub silentio*.").[7]

In short, while the law of the case is "a discretionary doctrine, not an inflexible dictate," *Chi. Joe's Tea Room, LLC v. Village of Broadview*, 894 F.3d 807, 818 (7th Cir. 2018), it applies when the Seventh Circuit has made a "deci[sion] upon a rule of law," *Story*, 137 F.3d at 520. *See Carmody*, 893 F.3d at 408. That's the case here with respect to the Seventh Circuit's opinion holding that Plaintiffs' challenge to Indiana's vote by mail statute based on the Twenty-Sixth Amendment is foreclosed by *McDonald*. *See Tully*, 977 F.3d 608.

---

[7] This Court's following *Tully*'s majority opinion does not prejudice Plaintiffs because they can return to the Seventh Circuit and request that it reconsider its position. *See Evans*, 873 F.3d at 1014 ("[T]he law of the case doctrine does not limit [the Seventh Circuit's] power to reconsider earlier rulings in a case."); *Minch v. City of Chicago*, 486 F.3d 294, 302 (7th Cir. 2007).

11

Therefore, under both the law of the case doctrine and this Court's duty to follow Seventh Circuit precedent, Defendants are entitled to summary judgment.

## IV.
## Conclusion

Plaintiffs' motion for summary judgment is **DENIED**, dkt. [112], and Defendants' motion for summary judgment is **GRANTED**, dkt. [117]. Plaintiffs' motion for oral argument is **DENIED** as unnecessary. Dkt. [127].

The **clerk shall update** the docket to reflect the automatic party substitutions reflected in this order's caption.

Final judgment will issue in a separate entry.

**SO ORDERED.**

Date: 9/29/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Thomas M. Fisher
INDIANA ATTORNEY GENERAL
tom.fisher@atg.in.gov

Jefferson S. Garn
INDIANA ATTORNEY GENERAL
Jefferson.Garn@atg.in.gov

Jed W. Glickstein
MAYER BROWN LLP

jglickstein@mayerbrown.com

William R. Groth
Vlink Law Firm, LLC
wgroth@fdgtlaborlaw.com

Gary A. Isaac
MAYER BROWN LLP
gisaac@mayerbrown.com

Brett E. Legner
MAYER BROWN LLP
blegner@mayerbrown.com

Michael Anthony Scodro
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606

Mark W. Sniderman
FINDLING PARK CONYERS WOODY & SNIDERMAN, PC
msniderman@findlingpark.com

Jeffrey M. Strauss
MAYER BROWN LLP
jstrauss@mayerbrown.com

Caryn Nieman Szyper
INDIANA ATTORNEY GENERAL
caryn.szyper@atg.in.gov